# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-348V
UNPUBLISHED

| | |
|---|---|
| SHERI CONERTY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: September 28, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On March 26, 2020, Sheri Conerty filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table Injury – Shoulder Injury Related to Vaccine Administration (SIRVA) – as a result of her October 1, 2018 influenza ("flu") vaccination. Petition at 1. Petitioner further alleges that the vaccine was administered within the United States, that she suffered the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action on her behalf as a result of her injury. *See* Petition at ¶¶ 2, 17-19. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 23, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent

> DICP [Division of Injury Compensation Programs, Department of Health and Human Services] has concluded that [P]etitioner's medical course is consistent with SIRVA as defined by the Vaccine Injury Table and corresponding Qualifications and Aids to Interpretation. Specifically, [P]etitioner had no pre-vaccination history of pain, inflammation, or dysfunction of her left shoulder; pain occurred within 48 hours after receipt of an intramuscular vaccination; pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality, such as brachial neuritis, has been identified to explain [P]etitioner's shoulder pain. 42 C.F.R. §§ 100.3(a) & (c)(10). Additionally, based on the medical records outlined above, [P]etitioner suffered the residual effects of her condition for more than six months. Therefore, based on the record as it now stands, [P]etitioner has satisfied all legal prerequisites for compensation under the Act. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i).

*Id.* at 7.

In view of Respondent's position and the evidence of record, I find that **Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master